UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

DAVID DODD and PAULA DODD, husband and wife,
                  Plaintiffs,
    v.

TEXTRON, INC., a foreign corporation, TEXTRON SPECIALIZED VEHICLES, INC., a foreign corporation, XYZ CO., a foreign corporation, limited liability company, limited liability partnership, partnership, or sole proprietorship,
                  Defendants.

NO. 3:21-cv-05177

COMPLAINT FOR PERSONAL INJURY AND DAMAGES

COME NOW the plaintiffs and allege as follows:

**I. PARTIES**

1.1    At all relevant times hereto, the plaintiffs, David and Paula Dodd, were residents of Deer Park, Washington.

1.2    At all relevant times hereto, defendant Textron, Inc. was incorporated in Rhode Island, and registered and conducted business in Pierce County and the State of Washington. The defendant designed, tested, manufactured, promoted, distributed

COMPLAINT FOR PERSONAL INJURY AND DAMAGES - 1

and/or sold, throughout the nation and within the State of Washington, the 2018 Textron Off Road Wildcat XX side-by-side off road vehicle.

1.3     At all relevant times hereto, defendant Textron Specialized Vehicles, Inc. was incorporated in Georgia, and registered and conducted business in Pierce County and the State of Washington.  The defendant designed, tested, manufactured, promoted, distributed and/or sold, throughout the nation and within the State of Washington, the 2018 Textron Off Road Wildcat XX side-by-side off road vehicle.

1.4     At all relevant times hereto, defendant XYZ CO. was a foreign corporation, limited liability company, limited liability partnership, partnership, or sole proprietorship doing business in Pierce County and the State of Washington.  The defendant designed, tested, manufactured, promoted, distributed and/or sold, throughout the nation and within the State of Washington, the 2018 Textron Off Road Wildcat XX side-by-side off road vehicle.

## II. JURISDICTION AND VENUE

2.1     Jurisdiction is proper under 28 U.S.C. 1332 because defendants are foreign corporations incorporated in different states and at all times relevant hereto conducted substantial and continuous business in Pierce County and the State of Washington by selling products to residents and/or entities within Pierce County and this State for use and/or repair, and/or manufacturing and selling products within this State.  Jurisdiction is also proper because the cause of action as alleged herein arose out of activities (to wit, the transaction of business within this state) within the State of Washington.

### III. FACTS

3.1  Defendant Textron, Inc. ("Textron") is a multi-billion dollar, multi-industry global company. In 2017, Textron acquired Arctic Cat, Inc., a company that designed, engineered, manufactured, and marketed all-terrain vehicles, off road side-by-side vehicles, and snowmobiles.

3.2  Following the acquisition by Textron, Arctic Cat has operated as a subsidiary of defendant Textron Specialized Vehicles, Inc. Defendant Textron Specialized Vehicles, Inc. is a corporation based in Georgia that designs and manufactures vehicles and equipment for a range of industries, including but not limited off-road side-by-side vehicles.

3.3  In 2018, the defendants designed, manufactured, and sold in the State of Washington the Textron Off Road Wildcat XX ("Wildcat XX"), a side-by-side off road vehicle. The following photo is an illustration of the Wildcat XX:



3.4    The defendants marketed, sold, and distributed the Wildcat XX to Washington residents and after seeing an advertisement for the Wildcat XX in Washington, David and Paula Dodd purchased it (VIN No. 4UF18MPV9JT302188).

3.5    On or about March 13, 2019, the Dodds traveled to Winchester Bay, Oregon, and transported their Wildcat XX with them in order to drive it on the sand dunes. David drove the Wildcat XX with Paula seated next to him in the passenger seat, and as they were driving up one of the sand dunes, the Wildcat XX suddenly stalled out and rolled over.  When the Wildcat XX rolled several times down the sand dune, Paula's seatbelt failed and the passenger door ripped off, causing her to sustain severe and permanent injuries, including but not limited to a severe laceration to her left hand, displaced proximal phalanx fractures to her 2nd, 3rd, and 4th digits of the left hand, resulting in permanent impairment, as well as a displaced fracture of the right humerus, and a displaced tuberosity humeral fracture resulting in permanent impairment.

3.6    Following the incident, on or about April 17, 2019, a diagnostic of the Dodds' Wildcat XX was conducted by Dan Gregoy, a recreational vehicle expert.  Mr. Gregory determined that the Dodds' Wildcat XX had a faulty throttle position sensor (TPS) that caused the vehicle to stall out.  He also determined that the passenger seatbelt failed 4 out of the 5 times it was tested after the incident.

3.7    Mr. Gregory also revealed a design defect of the doors on the Wildcat XX and explained that they were installed with plastic bolted to a steal hinge, causing the hinge to rip off from the doors with very little pressure.  Mr. Gregory further stated that

he had inspected several other Wildcat XXs where the doors had similarly ripped off the vehicle during rollovers due to this particular defect.

3.8    The following photograph depicts the Dodds' Wildcat XX passenger door hinge and plastic component that was ripped off during the rollover incident:



3.9    The defendants specifically designed the Wildcat XX with a roll cage given the nature of the vehicle and its intended use. The defendants also advertised the vehicle as safe for passengers in the event of a rollover incident.

3.10    The following photograph depicts the Dodds' Wildcat XX after the passenger door had been ripped off during the rollover incident:

COMPLAINT FOR PERSONAL INJURY AND DAMAGES - 5

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704



### IV.    CAUSES OF ACTION

4.1    Defendants negligently designed, tested, manufactured, labeled, distributed, marketed and/or promoted the "Wildcat XX".  As a proximate result of their negligence, the plaintiffs have been damaged in amounts to be determined at time of trial.

4.2    The "Wildcat XX" was defective, unsafe, and unreasonably dangerous for its intended purpose when it left the control of the defendants.  The acts and/or omissions of the defendants violated the Revised Code of Washington (RCW) 7.72 et. seq., including, but not limited to the manufacture, distribution, design, testing,

promotion, and/or sale of the "Wildcat XX" within the State of Washington. As a proximate result of the expected use of defendants' unreasonably dangerous product, the plaintiffs have been damaged in amounts to be determined at time of trial.

## V.    DAMAGES

5.1    As a direct and proximate result of defendants' acts and omissions set forth above, plaintiffs incurred past and future medical expenses, out-of-pocket costs, property damage, past and future income loss, permanent disability, emotional injuries, permanent scarring, impaired earning capacity, general damages for pain and suffering, loss of enjoyment of life and other damages, all in amounts to be proven at the time of trial.

5.2    As a direct and proximate result of defendants' acts and omissions set forth above, plaintiff David Dodd lost the consortium of his spouse to his damage in an amount to be proven at the time of trial.

WHEREFORE, plaintiffs prays for judgment against the defendants, and each of them, for damages as alleged, plus costs, fees, and for such other and further relief as the court deems just and proper.

DATED this 12th day of March, 2021.

WEST LAW FIRM, P.S.

By: _____
Patrick R. West, WSBA #41949
Attorneys for Plaintiff

COMPLAINT FOR PERSONAL INJURY AND DAMAGES - 7

West Law Firm, P.S.
524 Tacoma Avenue South
Tacoma, Washington 98402
(253) 383-4704